# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

O

Case No. SACV 10-1987 DOC (JCGx)                          Date: May 19, 2011

Title: RENE ZEPEDA, ET AL v. WASHINGTON MUTUAL BANK, ET AL

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                    NONE PRESENT

PROCEEDING (IN CHAMBERS): ORDER GRANTING DEFENDANT NEWPORT BEACH POLICE DEPARTMENT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

       Before the Court is a Motion to Dismiss Plaintiffs Rene Zepeda, Otilia A. Zepeda, and Ana Boddeker (collectively "Plaintiffs")' Complaint (the "Motion") filed by Defendant Newport Beach Police Department ("Defendant" or the "Police Department"). The Court finds this matter appropriate for decision without oral arguments. Fed.R.Civ. P. 78; Local Rule 7-15. After reviewing the moving, opposing, and replying papers, the Court hereby GRANTS the Motion.

       **I.**      **Background**

       Plaintiffs' Complaint avers that Plaintiffs purchased a home on or about May 23, 2007, and secured a loan through a Deed of Trust on the subject property. Complaint, ¶ 49. That property subsequently went into foreclosure proceedings and an eviction action. *Id.* at ¶¶ 63, 66.

       Plaintiffs filed their Complaint alleging ten causes of action against many different defendants. Plaintiffs assert their second cause of action, for violations under 42 U.S.C. § 1983, against the Police Department and the County of Orange Sheriff's Department. In their § 1983 claim, Plaintiffs aver that "[b]y depriving Plaintiffs of their rights guaranteed to them by federal law as set forth above, Defendants, acting under color of law in evicting Plaintiffs, have violated 42 U.S.C. § 1983 and are subject to relief appropriate to remedy that violation." Complaint, ¶ 82.

The Police Department now brings the present Motion to dismiss that cause of action.

## II.   Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957)).  In order for a complaint to survive a 12(b)(6) motion, it must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).  A claim for relief is facially plausible when the plaintiff pleads enough facts, taken as true, to allow a court to draw a reasonable inference that the defendant is liable for the alleged conduct. *Id.* at 1949.  If the facts only allow a court to draw a reasonable inference that the defendant is possibly liable, then the complaint must be dismissed. *Id.*  Mere legal conclusions are not to be accepted as true and do not establish a plausible claim for relief. *Id.* at 1950.  Determining whether a complaint states a plausible claim for relief will be a context-specific task requiring the court to draw on its judicial experience and common sense. *Id.*

In evaluating a 12(b)(6) motion, review is "limited to the contents of the complaint." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994).  However, exhibits attached to the complaint, as well as matters of public record, may be considered in determining whether dismissal was proper without converting the motion to one for summary judgment.  *See Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).   Further, a court may consider documents "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  "The Court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

Dismissal without leave to amend is appropriate only when the Court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.   Discussion

To state a claim under 42 U.S.C. § 1983, Plaintiffs must allege that a Constitutional right was violated and that the alleged violation was committed by a person acting under color of state law. *America Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Long v. County of Los Angeles*, 442 F.3d 1178 (9th Cir. 2006); *Gritchen v. Collier*, 254 F.3d 807 (9th Cir. 2001).  Municipalities and local

government entities can qualify as "persons" for § 1983 purposes. *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978). In order to impose liability on a local government entity under *Monell*, a plaintiff must prove that the execution of a policy, custom, or practice by the municipality resulted in the deprivation of their constitutional rights. *Monell*, 436 U.S. at 690-91. *Monell* further provides that "a municipality cannot be held liable solely because it employs a tortfeasor--or in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id*.

Though municipalities can be liable under a *Monell* theory, police departments are generally not considered persons for § 1983 purposes. *United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) (Ferguson, J., concurring) ("[M]unicipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983."); *see also A.J.R., ex rel. Juarez v. City of Santa Ana*, 2011 WL 1807424, at *3 n.2 (C.D. Cal. 2011) (noting that a § 1983 claim asserted against a city's police department could not stand because a police department is not a person under § 1983).

Accordingly, Plaintiffs cannot assert their § 1983 claim against the Police Department.[1] Indeed, in their Opposition, Plaintiffs fail to respond to this issue at all.

Because there is no way to remedy this claim against the Police Department, the Court does not give Plaintiffs leave to amend.

**IV.     Disposition**

For the reasons stated above, the Police Department's Motion is GRANTED. The Police Department is DISMISSED WITH PREJUDICE.

The Clerk shall serve this minute order on all parties to the action.

---

[1] Nevertheless, the Court notes that the Plaintiffs have failed to allege sufficient facts to state a claim under § 1983, as it is entirely unclear as to what constitutional right was violated.